# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JOSEPH SCHIBIK,** | )  |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:18-cv-00413 |
| | ) Judge Trauger |
| **C/O HILL, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

The plaintiff, Joseph Schibik, is an inmate at the Turney Center Industrial Complex in Only, Tennessee. He has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2). The case is before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.  Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period

immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the Turney Center Industrial Complex to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     Initial Review of the Complaint

### A.     PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it

would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.     Section 1983 Standard**

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused

by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

C.  **Allegations and Claims of the Complaint**

The plaintiff alleges that on May 30, 2017, while he was performing his duties as a kitchen rockman at his former place of incarceration, Riverbend Maximum Security Institution in Nashville, Tennessee, he was called by Correctional Officer (C/O) Tajuraun to pick up trays and fill up a water cooler in Unit 4C while the inmates of that unit were out on their one-hour "pod time." (Doc. No. 1 at 9.) When the plaintiff entered Unit 4C, the "crash gate" that leads to the inmate housing area was opened at the direction of C/O Hill, who entered the pod with the plaintiff but then failed to secure the crash gate. (*Id.*) When the plaintiff reached out to secure the crash gate, he was struck by inmates Jeremy McMillan and Franko Cooper and fell to the ground. (*Id.*) C/O Hill held the plaintiff down while McMillan and Cooper assaulted him, and C/O Tajuraun watched the attack from the catwalk on the second tier of Unit 4C. (*Id.* at 9–10.)

As a result of this attack, the plaintiff suffered serious head injuries that required his hospitalization in the intensive care unit of Vanderbilt Medical Center, where he was in a coma. (*Id.* at 10.) He was released to return to Riverbend on June 10, 2017, and was housed in the Riverbend infirmary until July 21, 2017. As a result of his injuries, the plaintiff continues to suffer from vertigo, migraine headaches, back pain, numbness to his legs, loss of hearing in his left ear, and no sense of smell or taste. (*Id.*) He alleges that he is still required to see an ENT specialist and to take daily medications for his vertigo. (*Id.* at 10–11.)

The plaintiff sues C/O Tajuraun, C/O Hill, and inmates McMillan and Cooper in their individual capacities. He also sues the Tennessee Department of Correction (TDOC) and Riverbend Maximum Security Institution, as well as the Chief of Security at Riverbend, Cpl.

Lewis. (*Id.* at 2, 6–8.) The plaintiff requests money damages from each defendant save Cpl. Lewis. (*Id.* at 15.) He claims that C/O Tajuraun violated Riverbend policy by calling him into an unsecure unit while Tajuraun was on the second tier; that C/O Hill was negligent in failing to secure the crash gate, and deliberately indifferent to his safety in failing to protect him and restraining him while McMillan and Cooper attacked him; that TDOC is responsible for the actions of its inmates and staff; and, that Riverbend failed to adequately train its staff on how to respond to a violent altercation and failed to provide due process in response to the plaintiff's information requests and grievances. (*Id.* at 11–12.)

**D. Analysis**

The plaintiff's assertion that C/O Hill failed to protect him from McMillan and Cooper states a colorable constitutional claim. Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id.* at 837–38; *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

The plaintiff claims that C/O Hill "was negligent by failing to secure the crash gating in unit 4C after entering pod knowing I did not live in that pod and he knew the substantial risk that

I could face by leaving the gate unsecure." (Doc. No. 1 at 11.) These allegations are insufficient to state a constitutional claim. *See Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that negligent failure to protect from inmate attack does not violate Constitution, even where "lack of due care . . . led to serious injury"). However, the plaintiff also alleges that Hill "held [him] down" or restrained him during the attack. (Doc. No. 1 at 9, 11.) This allegation is sufficient to state a non-frivolous claim that Hill was deliberately indifferent in the face of a serious risk to plaintiff's safety.[1]

The complaint otherwise fails to state a colorable constitutional claim. The plaintiff claims that C/O Tajuraun violated a Riverbend "in house policy" when Tajuraun called the plaintiff into a unit that was unsecured, and stood on the second tier while the plaintiff entered the unit on the tier below. (Doc. No. 1 at 11.) However, "[t]he violation of a federally protected right is necessary for there to be liability against a government official under § 1983." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citation and internal quotation marks omitted). The failure to follow an established prison policy or procedure does not itself violate any federally protected right, so as to be actionable under § 1983. *See id.* at 574; *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy."); *Moore v. Schuetzle*, 486 F. Supp. 2d 969, 989 (D.N.D. 2007) ("In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy."). The plaintiff fails to state a claim against C/O Tajuraun.

---

[1] Alternatively, the complaint against Hill may be liberally construed as stating a colorable claim of excessive force under the Eighth Amendment. *See Nelson v. Davenport*, No. 5:13CV00092 SWW/HDY, 2013 WL 6916278, at *2 (E.D. Ark. Oct. 11, 2013) (addressing claim that officers held inmate down while he was assaulted as claim of excessive force).

The plaintiff claims that TDOC is liable for his injuries simply because it "has full responsibility of its inmates and its staff." (Doc. No. 1 at 12.) However, "[Section] 1983 liability must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In any event, "TDOC is not a 'person' for purposes of Section 1983 liability . . . [but] is an agency of the State of Tennessee and, as such, is entitled to Eleventh Amendment immunity" from suit for money damages. *Vick v. Core Civic*, 329 F. Supp. 3d 426, 450 (M.D. Tenn. 2018) (citing *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997)). Likewise, the plaintiff's claim against Riverbend, a TDOC prison, must fail because (1) it is a structure, not a person for purposes of § 1983, *see Tucker v. Salandy*, No. 3:17-CV-00671, 2017 WL 2438401, *2 (M.D. Tenn. June 6, 2017), and (2) it is an institution operated by an agency of the State of Tennessee, and is therefore protected from monetary liability by Eleventh Amendment immunity. *Vick*, 329 F. Supp. 3d at 450; *see also*, *e.g.*, *Holmes v. Dreesen*, No. 2:13-cv-01166-GMN-GWF, 2014 WL 2123364, at *2 (D. Nev. May 21, 2014) ("A state's Department of Corrections is an arm of the state, and therefore prison institutions within the Department of Corrections cannot be sued in a § 1983 action for damages.") (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).

The plaintiff's claim against his fellow inmates must fail because an action under § 1983 may only be maintained against persons acting under color of state law, and the complaint does not allege that McMillan and Cooper were operating as state actors at the time they assaulted the plaintiff. *Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001); *Starks v. Wilson Cnty. Jail*, No. 3:15-cv-00358, 2015 WL 1786044, at *2 (M.D. Tenn. Apr. 14, 2015).

Finally, although the Chief of Security at Riverbend, Cpl. Lewis, is named as a defendant in the complaint (Doc. No. 1 at 2), any claim against him must fail because he is not alleged to

7

have been personally involved in the events described therein, nor does the plaintiff seek any relief against him. Had the plaintiff included Cpl. Lewis in his request for damages, he would not have been able to recover under a theory of respondeat superior based on Lewis's role as a supervisor, but only upon "allege[d] facts showing personal involvement." *Hammonds v. L.P.N. John*, No. 3:15-cv-01141, 2016 WL 109976, at *3 (M.D. Tenn. Jan. 8, 2016). Even if, under an extremely liberal construction of the complaint, allegations of Lewis's personal involvement were deemed to be found in the plaintiff's assertions that Riverbend failed to adequately train its staff to handle a hostile altercation (Doc. No. 1 at 12), they would nonetheless be insufficient to state a claim against Lewis. "As the Sixth Circuit has stated, a supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (quoting *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)) (internal quotation marks omitted). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* The complaint in this case does not allege any such facts against Lewis.

### III. Conclusion

For the reasons set forth above, the court finds that the plaintiff states a non-frivolous claim that his Eighth Amendment rights were violated by C/O Hill. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for defendant Hill. The plaintiff **MUST** complete the service packet and return it to the Clerk's office within **21 days** of the date of this order. Upon return of the completed service packets, **PROCESS SHALL ISSUE.**

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28

U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

ENTER this 12th day of December 2018.

_____
Aleta A. Trauger
United States District Judge